Local Form 3015-1
REVISED 09/2025

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA THIRD DIVISION

In re:
ANNA MARIE TOTH

Case No. 23-32711
CHAPTER 13 PLAN ☑ Modified
Dated July 6, 2026

Debtor.
*In a joint case, "debtor" means "debtors" in this plan.*

**Part 1. NOTICE OF NONSTANDARD PLAN PROVISIONS, SECURED CLAIM LIMITATIONS, AND LIEN OR SECURITY INTEREST AVOIDANCE: The debtor must check the appropriate boxes below to indicate whether the plan does or does not include each of the following items:**

| | | | |
|---|---|---|---|
| 1.1 | A limit on the amount of a secured claim based on a valuation of the collateral for the claim, set out in Parts 6 or 14 | ☐ Included | ☑ Not included |
| 1.2 | Avoidance of a security interest or lien, set out in Part 14<br><br>**IDENTIFY ALL AFFECTED SECURITY INTEREST HOLDERS OR LIENHOLDERS:** | ☐ Included | ☑ Not included |
| 1.3 | Nonstandard provisions, set out in Part 15 | ☑ Included | ☐ Not included |

**Part 2. DEBTOR'S PAYMENTS TO TRUSTEE: The initial plan payment is due not later than 30 days after the order for relief, unless the court orders otherwise.**

2.1 As of the date of this plan, the debtor has paid the trustee $47,099.00 (including balance on hand of $993.10).
2.2 After the date of this plan, the debtor will pay the trustee $67,380.00.

| Plan payment | Start MM/YYYY | End MM/YYYY | # of payments | Total |
|---|---|---|---|---|
| $100.00 | 07/2026 | 07/2026 | 1 | $100.00 |
| $2,320.00 | 08/2026 | 12/2028 | 29 | $67,280.00 |
| | | | PART 2.2 SUBTOTAL: | $67,380.00 |

2.3 The minimum plan length is ☐ 36 months or ☑ 60 months from the date of the initial plan payment unless all allowed unsecured claims are paid in a shorter time.
2.4 The debtor will also pay the trustee:
2.5 The debtor will pay the trustee a total of $114,479.00 [lines 2.1 + 2.2 + 2.4].
2.6 If the debtor is required to file a tax return under applicable nonbankruptcy law, the debtor will file with appropriate tax authorities all returns and provide the trustee a copy of each filed return within 14 days of filing. The debtor will treat tax refunds as follows:
**The debtor(s) shall send the Trustee each year during the Chapter 13 Plan copies of federal and state income tax returns at the time they are filed. The debtor(s) shall also promptly report to the Trustee the receipt of any federal and state tax refunds for the duration of this Chapter 13 case. The debtor(s) shall be entitled to retain the first $1,200 (single debtor or single tax return filer) or $2,000 (joint debtor or joint tax return filer), plus any earned income credit (EIC), plus any Minnesota Working Family credit. Any remaining amounts shall be turned over to the Chapter 13 trustee as additional plan payments.**

**Part 3. PAYMENTS BY TRUSTEE AND TRUSTEE'S FEES:** Prior to confirmation of the plan, the trustee will pay from available funds payments designated as Adequate Protection ("Adq. Pro.") under Parts 6 and 7 to creditors with claims secured by personal property. All other funds will be disbursed by the trustee following confirmation of the plan as soon as is practicable. The trustee will pay from available funds only to creditors for which proofs of claim have been filed. The trustee is not required to retain funds for any claim for which a proof of claim has not been timely filed and may disburse those funds to other claimants. The trustee may collect a fee of up to 10% of plan payments, or $11,447.00 [line 2.5 x .10]. If relief from the automatic stay is ordered as to any item of collateral listed in the plan, then, unless otherwise ordered by the court, all payments by the trustee as to that collateral will cease, and all secured claims based on that collateral will no longer be treated by the plan.

**Part 4. EXECUTORY CONTRACTS AND UNEXPIRED LEASES [§ 365]:** The debtor assumes the following executory contracts or unexpired leases. The debtor will pay directly to creditors all payments that come due after the date the petition was filed. Cure provisions, if any, are set forth in Part 5.

| | Creditor | Description of Property |
|---|---|---|
| | -NONE- | |

Local Form 3015-1
REVISED 09/2025

**Part 5. MAINTENANCE OF PAYMENTS AND CURE OF DEFAULT, IF ANY (§ 1322(b)(5)):** The debtor will maintain the current contractual installment payments on the claims listed below, with any changes required by the applicable contract and noticed in conformity with any applicable rules. These payments will be paid directly by the debtor unless otherwise specified below. The trustee will pay the arrearage amount listed in the proof of claim at the interest rate specified below, unless otherwise ordered by the court. The creditors will retain liens. All following entries are estimates, except for interest rate.

| | Creditor | Description of property | Arrears amount (if any) | Interest rate on arrears (if any) | Beginning in MM/YY | Monthly payment | # of pay-ment s | Remaining arrears payments | + *amount paid to date by trustee (mod. plan only)* | Total trustee arrears payments |
|---|---|---|---|---|---|---|---|---|---|---|
| 5.1 | HOUSING & URBAN DEVELOP MENT | 15995 Fremont Ave NW Prior Lake, MN 55372 | 0.00 | | | | | $0.00 | $0.00 | $0.00 |
| | | | Current installment payment | Disbursed by: | | Remaining trustee installment payments | | | + *amount paid to date by trustee (mod. plan only)* | Total trustee installment payments |
| | | | $0.00 | ☑ Debtor ☐ Trustee | | $0.00 | | | $0.00 | $0.00 |

| | Creditor | Description of property | Arrears amount (if any) | Interest rate on arrears (if any) | Beginning in MM/YY | Monthly payment | # of pay-ment s | Remaining arrears payments | + *amount paid to date by trustee (mod. plan only)* | Total trustee arrears payments |
|---|---|---|---|---|---|---|---|---|---|---|
| 5.2 | M & T BANK | 15995 Fremont Ave NW Prior Lake, MN 55372 | $8,561.0 0 | | | | | $0.00 | $8,560.35 | $8,561.00 |
| | | | Current installment payment | Disbursed by: | | Remaining trustee installment payments | | | + *amount paid to date by trustee (mod. plan only)* | Total trustee installment payments |
| | | | $2,454.00 | ☑ Debtor ☐ Trustee | | $0.00 | | | $0.00 | $0.00 |

TOTAL: $8,561.00

**Part 6. SECURED CLAIMS SUBJECT TO MODIFICATION ("CRAMDOWN") PURSUANT TO § 506 (§ 1325(a)(5)):** The trustee will pay the amount set forth in the "Total payments" column below on the following secured claims if a proof of claim is filed and allowed. Notwithstanding a creditor's proof of claim filed before or after confirmation, if the plan has been served upon each of the affected creditors identified below in the manner provided for by Fed. R. Bankr. P. 7004, the amount listed in the secured claim amount column binds the creditor pursuant to 11 U.S.C. § 1327 and confirmation of the plan is a determination of the creditor's allowed secured claim, unless otherwise ordered by the court. For secured claims of governmental units, unless otherwise ordered by the court, the value of a secured claim listed in a proof of claim filed in accordance with Fed. R. Bankr. P. 3012(c) controls over any contrary amount. Unless otherwise specified in Part 15, the creditors listed in this Part retain the liens securing their allowed secured claims to the extent provided under 11 U.S.C. § 1325(a)(5)(B)(i). Any allowed unsecured portion of the claim will be paid under Part 10, Part 11, or Part 12.

| | Creditor | Est. claim amount | Secured claim amount | Int. rate | Adq. Pro. (Check) | Begin-ning in MM/YY | Monthly payment | # of payments | Remaining payments | +*amount paid to date by trustee (mod. plan only)* | = Total payments |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 6.1 | Centerpoint Energy | $3,901.00 | $3,772.00 | 4 | | 08/26 | $300.00 | 3 | $886.60 | $2,973.40 | $3,860.00 |
| | | | | | | | | | | TOTAL: | $3,860.00 |

**Part 7. SECURED CLAIMS EXCLUDED FROM § 506 AND NOT SUBJECT TO MODIFICATION ("CRAMDOWN") (§ 1325(a)) (910 vehicles and other things of value):** The trustee will pay the amount of the allowed secured claim listed in the proof of claim, unless otherwise ordered by the court, at the interest rate set forth below. Any allowed unsecured portion of the claim will be paid under Part 10, Part 11, or Part 12. **All following entries are estimates, except for interest rate.** Unless otherwise specified in Part 15, the creditors listed in this Part retain the liens securing their allowed secured claims to the extent provided under 11 U.S.C. § 1325(a)(5)(B)(i).

Local Form 3015-1
REVISED 09/2025

| | Creditor | Est. secured claim amount | Int. rate | Adq. Pro. (Check) | Beginning in MM/YY | Monthly payment | # of pmts | Remaining payments | *+amount paid to date by trustee (mod. plan only)* | = Total payments |
|---|---|---|---|---|---|---|---|---|---|---|
| 7.1 | Wells Fargo Dealer Services | $6,489.00 | 9.5 | $260.00 | | | | $0.00 | $6,854.86 | $6,855.00 |
| | | | | | | | | | TOTAL: | $6,855.00 |

**Part 8. PRIORITY CLAIMS UNDER § 507(a)(2) THROUGH (a)(10):** The trustee will pay the amount of the allowed priority claim listed in the proof of claim, unless otherwise ordered by the court. **All following entries are estimates.**

| | Creditor | Claim amount | Beginning in MM/YY | Monthly payment | # of payments | Remaining payments | *+ amount paid to date by trustee (mod. plan only)* | = Total payments |
|---|---|---|---|---|---|---|---|---|
| 8.1 | Attorney Fees | $1,600.00<br>$882.12<br>$500.00<br>$3,584.28 | 07/26<br>08/26 | $90.00<br>$1,788.00 | 1<br>1 | $1,600.00 | $4,966.40 | $6,567.00 |
| 8.2 | IRS | $3,950.00 | | pro rata | | $0.00 | $3,949.11 | $3,950.00 |
| 8.3 | MNDR | | | pro rata | | | | |
| | | | | | | | TOTAL | $10,517.00 |

**Part 9. DOMESTIC SUPPORT OBLIGATION CLAIMS UNDER § 507(a)(1):** The trustee will pay the amount of the allowed priority claim listed in the proof of claim, unless otherwise ordered by the court. **All following entries are estimates.**

| | Creditor | Claim amount | Beginning in MM/YY | Monthly payment | # of payments | Remaining payments | *+ amount paid to date by trustee (mod. plan only)* | = Total payments |
|---|---|---|---|---|---|---|---|---|
| | -NONE- | | | | | | | |
| | | | | | | | TOTAL | $0.00 |

**Part 10. SEPARATE CLASSES OF UNSECURED CLAIMS:** In addition to the classes of unsecured claims specified in Part 11 and Part 12, there shall be separate classes of nonpriority unsecured claims including the following. The trustee will pay the nonpriority amount. listed in the proof of claim, unless otherwise ordered by the court. **All following entries are estimates, except for interest rate.**

| | Creditor | Unsecured claim amount | Interest rate (if any) | Beginning in MM/YY | Monthly payment | # of payments | Remaining payments | *+ amount paid to date by trustee (mod. plan only)* | = Total payments |
|---|---|---|---|---|---|---|---|---|---|
| | -NONE- | | | | | | | | |
| | | | | | | | | TOTAL | $0.00 |

**Part 11. TIMELY FILED UNSECURED CLAIMS:** The trustee will pay holders of allowed nonpriority unsecured claims for which proofs of claim were timely filed the remaining funds received by the trustee and not paid under Parts 3, 5, 6, 7, 8, 9, and 10 on a pro rata basis. **All following entries are estimates.**

| | |
|---|---|
| Estimated nonpriority unsecured claims held by creditors listed in Parts 6, 7, and 14 | $128.87 |
| + Total estimated nonpriority and not separately classified unsecured claims (excludes Parts 6, 7, 10, and 14 unsecured claims) | $23,528.97 |
| = Total estimated nonpriority and not separately classified unsecured claims (excludes Part 10 claims) | $23,657.84 |
| Projected percentage payment to unsecured claims (excludes Part 10 claims) | 100.00 |

| | |
|---|---|
| Estimated remaining payments | $57,941.18 |
| *+ amount paid to date by trustee (mod. plan only)* | $15,297.82 |
| = TOTAL estimated payments | $73,239.00 |

**Part 12. TARDILY-FILED UNSECURED CLAIMS:** All money paid by the debtor to the trustee under Part 2, but not distributed by the trustee under Parts 3, 5, 6, 7, 8, 9, 10, and 11, will be paid to holders of allowed nonpriority unsecured claims for which proofs of claim were tardily filed. Tardily-filed claims remain subject to objection pursuant to 11 U.S.C. § 502(b)(9).

**Part 13. SURRENDER OF COLLATERAL AND REQUEST FOR TERMINATION OF STAY:** The debtor has surrendered or will surrender the following property to the creditor. The debtor requests that the stays under 11 U.S.C §§ 362(a) and 1301(a) be terminated as to the surrendered

Local Form 3015-1
REVISED 09/2025

collateral upon confirmation of the plan.

| | Creditor | Description of property *(including complete legal description of real property)* |
|---|---|---|
| 13.1 | REGIONAL ACCEPTANCE CO | 2013 Chevrolet Malibu |
| 13.2 | SANTANDER CONSUMER USA, INC | 2016 Chevrolet Trax |

**Part 14. LIEN AVOIDANCE:** The judicial liens or nonpossessory, nonpurchase money security interests securing the claims listed below impair exemptions to which the debtor would have been entitled under 11 U.S.C. § 522(b). If the plan has been properly served upon each of the affected creditors identified below in the manner provided for by Fed. R. Bankr. P. 7004, a judicial lien or security interest securing a claim listed below will be avoided to the extent that it impairs such exemptions upon entry of the order confirming the plan, unless otherwise ordered by the court. The amount of the judicial lien or security interest that is avoided will be treated as an unsecured claim in Part 11 or Part 12, to the extent allowed. The amount, if any, of the judicial lien or security interest that is not avoided will be paid in full as a secured claim under the Part 6 or Part 7. See 11 U.S.C. § 522(f) and Fed. R. Bankr. P. 3012(b) and 4003(d). *Insert additional tables for each lien.*

| **Information regarding judicial lien or security interest** | | **Calculation of lien avoidance** | | **Extent of exemption impairment (check one)** |
|---|---|---|---|---|
| Creditor: | -NONE- | a. Amount of lien | | Line f is equal to or greater than line a. The entire lien is avoided. The amount of the unsecured claim is (line a): $ |
| Collateral: | | b. Amount of all other liens | | |
| Lien identification (such as judgment date, date of lien recording, book and page number) | | c. Value of claimed exemptions | | Line f is less than line a. A portion of the lien is avoided. The amount of secured claim after avoidance (line a minus line f): $. The amount of the unsecured claim is (line f): $. |
| | | d. Total of adding lines a, b, and c | | |
| | | e. Value of debtor's interest | | |
| | | f. Subtract line e from line d. | | |

**Part 15. NONSTANDARD PROVISIONS:** The trustee may distribute additional sums not expressly provided for herein at the trustee's discretion. Any nonstandard provisions, as defined in Fed. R. Bankr. P. 3015(c), must be in this Part. Any nonstandard provision placed elsewhere in the plan is void.

APPROVAL NOT REQUIRED TO INCUR POST PETITION DEBT. Approval by the bankruptcy court, or Chapter 13 trustee, shall not be required prior to debtor incurring ordinary consumer debt while this case is pending. Letters of approval will not be provided by the Chapter 13 trustee and one is not needed for debtor to incur post-petition ordinary consumer debt in Minnesota. All parties in interest retain all rights regarding the treatment of this debt in future modified plans and motions to confirm such plans.

**SUMMARY OF TOTAL ESTIMATED PAYMENTS:**

| Class of payment | | Total payments |
|---|---|---|
| Payments by trustee [Part 3] | $ | 11,447.00 |
| Maintenance of payments and cure of default, if any [Part 5] | $ | 8,561.00 |
| Secured claims subject to modification (cramdown) pursuant to § 506 [Part 6] | $ | 3,860.00 |
| Secured claims excluded from § 506 [Part 7] | $ | 6,855.00 |
| Priority claims [Part 8] | $ | 10,517.00 |
| Domestic support obligation claims [Part 9] | $ | 0.00 |
| Separate classes of unsecured claims [Part 10] | $ | 0.00 |
| Timely filed unsecured claims [Part 11] | $ | 73,239.00 |
| TOTAL (must equal line 2.5) | $ | 114,479.00 |

Certification regarding nonstandard provisions:
I certify that this plan contains no nonstandard provision except as placed in Part 15.

Signed: /s/ Robert J. Hoglund
Robert J. Hoglund 210997
Attorney for debtor

Signed: /s/ ANNA MARIE TOTH
ANNA MARIE TOTH
Debtor 1

Signed: ______________________
Debtor 2 (if joint case)

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| In Re: | Bkry Case No: 23-32711 |
| Anna M. Toth, | Chapter 13 |
| Debtor. | |

---

**NOTICE OF HEARING AND MOTION TO MODIFY CHAPTER 13 PLAN**

---

TO: Trustee; the United States Trustee and other parties in interest specified in Local Rule 9013.

1. Anna M. Toth, debtor in the above case, by her attorney, moves the Court for the relief requested below and gives notice of hearing.

2. The Court will hold a hearing on this motion on **Thursday, August 20, 2026,** at 11:00 a.m., in United States Bankruptcy Court, Courtroom 8 West, Eighth Floor, United States Courthouse, 300 South Fourth Street, Minneapolis, Minnesota.

3. Any objection to this motion shall be delivered not later than Thursday, August 13, 2026, which is seven days before the time set for the hearing (including Saturdays, Sundays and holidays). ***UNLESS A RESPONSE OPPOSING THE MOTION IS TIMELY FILED, THE COURT MAY GRANT THE MOTION WITHOUT A HEARING.***

4. This court has jurisdiction over this motion pursuant to 28 U.S.C.§§157 and 1334, FED.R. BANKR.P.5005 and Local Rule 1070-1. This motion is a core proceeding. The petition commencing this case under Chapter 13 of title 11 United States Code was filed on December 15, 2023, and is now pending in this court.

5. This motion arises under 11 U.S.C.§1329 and FED.R. BANKR.P.3015. This motion is filed under FED.R.BANKR.P.9014. The debtor requests relief with respect to the approval of the modified Chapter 13 Plan, attached hereto.

6. The debtor fell behind with her Chapter 13 Plan payments She has indicated to her attorney that she is in a position to resume her monthly payments and complete her Chapter 13 Plan under the terms of the proposed modified plan.

7. The debtor proposes to modify the Chapter 13 Plan and decrease her monthly payment requirement to $100.00 per month for 1 month beginning July 2026. Payment will then increase to $2,320.00 per month for 29 months beginning August 2026.

8. The debtor’s expected average monthly income is attached to this motion as Exhibit A.

9. The debtor’s expected monthly household expenses are attached to this motion as Exhibit B.

10. As of the date of this modified plan the debtor has paid into the Chapter 13 Plan $47,099.00.

11. The debtor's timely filed non-priority unsecured claims total approximately $23,657.84.

12. The debtor’s proposed modified plan will result in the timely filed general unsecured creditors receiving approximately 100% of the amounts owed.

13. The value, as of the effective date of the plan, of property to be distributed under the plan on account of each allowed unsecured claim is not less than the amount that would be paid on such claim if the estate of the debtor had liquidated under Chapter 7 of this title on such date;

14. If oral testimony is necessary as to relevant facts, the debtor shall testify at the hearing.

WHEREFORE, debtor moves the Court for its order granting the confirmation the enclosed modified plan, and for any other relief the Court deems just and proper.

Dated: July 9, 2026

HOGLUND & MROZIK, PLLC
Signed: /e/ ***Robert J. Hoglund***
Robert J. Hoglund #210997
Karli K. Buchanan #505358
Attorney for Debtor(s)
550 Main Street, Ste 260
New Brighton, Minnesota 55112
Telephone No: (651) 628-9929
Email: bankruptcy@hoglundlaw.com

**EXHIBIT A**

Fill in this information to identify your case:

Debtor 1 ANNA MARIE TOTH

Debtor 2
(Spouse, if filing)

United States Bankruptcy Court for the: DISTRICT OF MINNESOTA THIRD DIVISION

Case number 23-32711
(If known)

Check if this is:

- [x] An amended filing
- [ ] A supplement showing postpetition chapter 13 income as of the following date:

______ MM / DD/ YYYY

# Official Form 106I

## Schedule I: Your Income

12/15

**Be as complete and accurate as possible. If two married people are filing together (Debtor 1 and Debtor 2), both are equally responsible for supplying correct information. If you are married and not filing jointly, and your spouse is living with you, include information about your spouse. If you are separated and your spouse is not filing with you, do not include information about your spouse. If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write your name and case number (if known). Answer every question.**

### Part 1: Describe Employment

1. **Fill in your employment information.**

If you have more than one job, attach a separate page with information about additional employers.

Include part-time, seasonal, or self-employed work.

Occupation may include student or homemaker, if it applies.

| | Debtor 1 | Debtor 2 or non-filing spouse |
|---|---|---|
| **Employment status** | [x] Employed<br>[ ] Not employed | [x] Employed<br>[ ] Not employed |
| **Occupation** | Clinic Director Age: 42 | |
| **Employer's name** | GameDay Men's Health | |
| **Employer's address** | 6001 Shady Oak Road<br>Minnetonka, MN 55343 | |
| **How long employed there?** | 1 month | |

### Part 2: Give Details About Monthly Income

**Estimate monthly income as of the date you file this form.** If you have nothing to report for any line, write $0 in the space. Include your non-filing spouse unless you are separated.

If you or your non-filing spouse have more than one employer, combine the information for all employers for that person on the lines below. If you need more space, attach a separate sheet to this form.

| | | For Debtor 1 | For Debtor 2 or non-filing spouse |
|---|---|---|---|
| 2. **List monthly gross wages, salary, and commissions** (before all payroll deductions). If not paid monthly, calculate what the monthly wage would be. | 2. | $ 12,133.00 ~~14,757.00~~ | $ 0.00 |
| 3. **Estimate and list monthly overtime pay.** | 3. | +$ 0.00 | +$ 0.00 |
| 4. **Calculate gross Income.** Add line 2 + line 3. | 4. | $ 12,133.00 ~~14,757.00~~ | $ 0.00 |

Debtor 1 ANNA MARIE TOTH Case number (*if known*) 23-32711

| | | | For Debtor 1 | For Debtor 2 or non-filing spouse |
|---|---|---|---|---|
| | **Copy line 4 here** | 4. | $ 12,133.00 ~~14,757.00~~ | $ 0.00 |
| 5. | **List all payroll deductions:** | | | |
| 5a. | **Tax, Medicare, and Social Security deductions** | 5a. | $ 2,587.00 ~~4,360.00~~ | $ 0.00 |
| 5b. | **Mandatory contributions for retirement plans** | 5b. | $ 0.00 ~~109.00~~ | $ 0.00 |
| 5c. | **Voluntary contributions for retirement plans** | 5c. | $ 607.00 ~~681.00~~ | $ 0.00 |
| 5d. | **Required repayments of retirement fund loans** | 5d. | $ 0.00 | $ 0.00 |
| 5e. | **Insurance** | 5e. | $ 0.00 ~~913.00~~ | $ 0.00 |
| 5f. | **Domestic support obligations** | 5f. | $ 0.00 | $ 0.00 |
| 5g. | **Union dues** | 5g. | $ 0.00 | $ 0.00 |
| 5h. | **Other deductions.** Specify: ~~Life~~ | 5h.+ | $ 0.00 ~~62.00~~ | + $ 0.00 |
| 6. | **Add the payroll deductions.** Add lines 5a+5b+5c+5d+5e+5f+5g+5h. | 6. | $ 3,194.00 ~~6,125.00~~ | $ 0.00 |
| 7. | **Calculate total monthly take-home pay.** Subtract line 6 from line 4. | 7. | $ 8,939.00 ~~8,632.00~~ | $ 0.00 |
| 8. | **List all other income regularly received:** | | | |
| 8a. | **Net income from rental property and from operating a business, profession, or farm** Attach a statement for each property and business showing gross receipts, ordinary and necessary business expenses, and the total monthly net income. | 8a. | $ 0.00 | $ 0.00 |
| 8b. | **Interest and dividends** | 8b. | $ 0.00 | $ 0.00 |
| 8c. | **Family support payments that you, a non-filing spouse, or a dependent regularly receive** Include alimony, spousal support, child support, maintenance, divorce settlement, and property settlement. | 8c. | $ 0.00 | $ 0.00 |
| 8d. | **Unemployment compensation** | 8d. | $ 0.00 | $ 0.00 |
| 8e. | **Social Security** | 8e. | $ 0.00 | $ 0.00 |
| 8f. | **Other government assistance that you regularly receive** Include cash assistance and the value (if known) of any non-cash assistance that you receive, such as food stamps (benefits under the Supplemental Nutrition Assistance Program) or housing subsidies. Specify: | 8f. | $ 0.00 | $ 0.00 |
| 8g. | **Pension or retirement income** | 8g. | $ 0.00 | $ 0.00 |
| 8h. | **Other monthly income.** Specify: | 8h.+ | $ 0.00 | + $ 0.00 |
| 9. | **Add all other income.** Add lines 8a+8b+8c+8d+8e+8f+8g+8h. | 9. | $ 0.00 | $ 0.00 |

10. **Calculate monthly income.** Add line 7 + line 9. Add the entries in line 10 for Debtor 1 and Debtor 2 or non-filing spouse.
10. $ 8,939.00 ~~8,632.00~~ + $ 0.00 = $ 8,939.00 ~~8,632.00~~

11. **State all other regular contributions to the expenses that you list in *Schedule J.***
Include contributions from an unmarried partner, members of your household, your dependents, your roommates, and other friends or relatives.
Do not include any amounts already included in lines 2-10 or amounts that are not available to pay expenses listed in *Schedule J.*
Specify: 11. +$ 0.00

12. **Add the amount in the last column of line 10 to the amount in line 11.** The result is the combined monthly income.
Write that amount on the *Summary of Schedules* and *Statistical Summary of Certain Liabilities* and Related *Data,* if it applies 12. $ 8,939.00 ~~8,632.00~~
**Combined monthly income**

13. **Do you expect an increase or decrease within the year after you file this form?**
- ☑ No.
- ☐ Yes. Explain:

**EXHIBIT B**

Fill in this information to identify your case:

Debtor 1: ANNA MARIE TOTH

Debtor 2 (Spouse, if filing): ____

United States Bankruptcy Court for the: DISTRICT OF MINNESOTA THIRD DIVISION

Case number (If known): 23-32711

Check if this is:

- [x] An amended filing
- [ ] A supplement showing postpetition chapter 13 expenses as of the following date:

____ MM / DD / YYYY

# Official Form 106J

## Schedule J: Your Expenses

12/15

**Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. If more space is needed, attach another sheet to this form. On the top of any additional pages, write your name and case number (if known). Answer every question.**

### Part 1: Describe Your Household

1. **Is this a joint case?**
   - [x] No. Go to line 2.
   - [ ] Yes. **Does Debtor 2 live in a separate household?**
     - [ ] No
     - [ ] Yes. Debtor 2 must file Official Form 106J-2, *Expenses for Separate Household* of Debtor 2.

2. **Do you have dependents?** Do not list Debtor 1 and Debtor 2. Do not state the dependents names.
   - [ ] No
   - [x] Yes. Fill out this information for each dependent.............

| Dependent's relationship to Debtor 1 or Debtor 2 | Dependent's age | Does dependent live with you? |
|---|---|---|
| Child | 15 | [ ] No [x] Yes |
| | | [ ] No [ ] Yes |
| | | [ ] No [ ] Yes |
| | | [ ] No [ ] Yes |

3. **Do your expenses include expenses of people other than yourself and your dependents?**
   - [x] No
   - [ ] Yes

### Part 2: Estimate Your Ongoing Monthly Expenses

**Estimate your expenses as of your bankruptcy filing date unless you are using this form as a supplement in a Chapter 13 case to report expenses as of a date after the bankruptcy is filed. If this is a supplemental *Schedule J*, check the box at the top of the form and fill in the applicable date.**

**Include expenses paid for with non-cash government assistance if you know the value of such assistance and have included it on *Schedule I: Your Income* (Official Form 106I.)**

| | | Your expenses |
|---|---|---|
| 4. **The rental or home ownership expenses for your residence.** Include first mortgage payments and any rent for the ground or lot. | 4. $ | 2,454.00 ~~2,376.00~~ |
| **If not included in line 4:** | | |
| 4a. Real estate taxes | 4a. $ | 0.00 |
| 4b. Property, homeowner's, or renter's insurance | 4b. $ | 0.00 |
| 4c. Home maintenance, repair, and upkeep expenses | 4c. $ | 200.00 |
| 4d. Homeowner's association or condominium dues | 4d. $ | 0.00 |
| 5. **Additional mortgage payments for your residence,** such as home equity loans | 5. $ | 0.00 |

Debtor 1 ANNA MARIE TOTH Case number (if known) 23-32711

| | | | |
|---|---|---|---|
| 6. | **Utilities:** | | |
| | 6a. Electricity, heat, natural gas | 6a. | $ 350.00 |
| | 6b. Water, sewer, garbage collection | 6b. | $ 230.00 |
| | 6c. Telephone, cell phone, Internet, satellite, and cable services | 6c. | $ 560.00 |
| | 6d. Other. Specify: | 6d. | $ 0.00 |
| 7. | **Food and housekeeping supplies** | 7. | $ 950.00 |
| 8. | **Childcare and children's education costs** | 8. | $ 50.00 |
| 9. | **Clothing, laundry, and dry cleaning** | 9. | $ 160.00 |
| 10. | **Personal care products and services** | 10. | $ 80.00 |
| 11. | **Medical and dental expenses** | 11. | $ 150.00 |
| 12. | **Transportation.** Include gas, maintenance, bus or train fare. Do not include car payments. | 12. | $ 700.00 |
| 13. | **Entertainment, clubs, recreation, newspapers, magazines, and books** | 13. | $ 150.00 |
| 14. | **Charitable contributions and religious donations** | 14. | $ 0.00 |
| 15. | **Insurance.** Do not include insurance deducted from your pay or included in lines 4 or 20. | | |
| | 15a. Life insurance | 15a. | $ 0.00 |
| | 15b. Health insurance | 15b. | $ 0.00 |
| | 15c. Vehicle insurance | 15c. | $ 280.00 |
| | 15d. Other insurance. Specify: | 15d. | $ 0.00 |
| 16. | **Taxes.** Do not include taxes deducted from your pay or included in lines 4 or 20. Specify: | 16. | $ 0.00 |
| 17. | **Installment or lease payments:** | | |
| | 17a. Car payments for Vehicle 1 | 17a. | $ 0.00 |
| | 17b. Car payments for Vehicle 2 | 17b. | $ 0.00 |
| | 17c. Other. Specify: | 17c. | $ 0.00 |
| | 17d. Other. Specify: | 17d. | $ 0.00 |
| 18. | **Your payments of alimony, maintenance, and support that you did not report as deducted from your pay on line 5, *Schedule I, Your Income* (Official Form 106I).** | 18. | $ 0.00 |
| 19. | **Other payments you make to support others who do not live with you.** Specify: | 19. | $ 0.00 |
| 20. | **Other real property expenses not included in lines 4 or 5 of this form or on *Schedule I: Your Income*.** | | |
| | 20a. Mortgages on other property | 20a. | $ 0.00 |
| | 20b. Real estate taxes | 20b. | $ 0.00 |
| | 20c. Property, homeowner's, or renter's insurance | 20c. | $ 0.00 |
| | 20d. Maintenance, repair, and upkeep expenses | 20d. | $ 0.00 |
| | 20e. Homeowner's association or condominium dues | 20e. | $ 0.00 |
| 21. | **Other:** Specify: Pet expenses | 21. | +$ 250.00 |
| | Gym Membership | | +$ 30.00 |
| | Postage and publications | | +$ 25.00 |
| 22. | **Calculate your monthly expenses** | | |
| | 22a. Add lines 4 through 21. | | $ 6,619.00 ~~6,541.00~~ |
| | 22b. Copy line 22 (monthly expenses for Debtor 2), if any, from Official Form 106J-2 | | $ |
| | 22c. Add line 22a and 22b. The result is your monthly expenses. | | $ 6,619.00 ~~6,541.00~~ |
| 23. | **Calculate your monthly net income.** | | |
| | 23a. Copy line 12 *(your combined monthly income)* from Schedule I. | 23a. | $ 8,939.00 ~~8,632.00~~ |
| | 23b. Copy your monthly expenses from line 22c above. | 23b. | -$ 6,619.00 ~~6,541.00~~ |
| | 23c. Subtract your monthly expenses from your monthly income. The result is your *monthly net income*. | 23c. | $ 2,320.00 ~~2,091.00~~ |

24. **Do you expect an increase or decrease in your expenses within the year after you file this form?**
For example, do you expect to finish paying for your car loan within the year or do you expect your mortgage payment to increase or decrease because of a modification to the terms of your mortgage?

☐ No.
☑ Yes. Explain here: Debtor's significant other lives with her. He pays his own expenses.The items on Schedule J are waht she pays for her and her daughter only.

UNITED STATES BANKRUPTCY COURT

DISTRICT OF MINNESOTA

---

In Re: Bkry Case No: 23-32711

Anna M. Toth, Chapter 13

Debtor.

---

**MEMORANDUM IN SUPPORT OF MOTION TO MODIFY CHAPTER 13 PLAN POST-CONFIRMATION**

---

FACTS

The factual basis for the proposed modified plan is described in the accompanying motion.

DISCUSSION:

The modification of a Chapter 13 plan after confirmation is governed by Section 1329 of the Bankruptcy Code.

At any time after confirmation of the plan but before the completion of payments under such plan, the plan may be modified, upon request of the debtor, the trustee, or the holder of an allowed unsecured claim, to –

(1) increase or reduce the amount of payments on claims of a particular class provided for by the plan;

(2) extend or reduce the time for such payments;

(3) alter the amount of the distribution to a creditor whose claim is provided for by the plan to the extent necessary to take account of any payment of such claim other than under the plan; or

(4) reduce amounts to be paid under the plan by the actual amount expended by the debtor to purchase health insurance for the debtor (and for any dependent of the debtor if such dependent does not otherwise have health insurance coverage) if the debtor documents the cost of such insurance and demonstrates that –

(A) such expenses are reasonable and necessary;

(B)(i) if the debtor previously paid for health insurance, the amount is not materially larger than the cost the debtor previously paid or the cost necessary to maintain the lapsed policy; or

(ii) if the debtor did not have health insurance, the amount is not materially larger than the reasonable cost that would be incurred by a debtor who purchases health insurance, who has similar income, expenses, age, and health status, and who lives in the same geographical location with the same number of dependents who do not otherwise have health insurance coverage; and

(C) the amount is not otherwise allowed for purposes of determining disposable income under section 1325(b) of this title; and upon request of any party in interest, files proof that a health insurance policy was purchased.

(b)(1) Sections 1322(a), 1322(b), and 1323(c) of this title and the requirements of section 1325(a) of this title apply to any modification under subsection (s) of this section.

(2) The plan as modified becomes the plan unless, after notice and a hearing, such modification is disapproved. 11 U.S.C. §1329(a) and (b) (2010).

In the present case, the debtor has stated cause to modify the Chapter 13 Plan and the Modified Chapter 13 Plan complies with the statutory requirements for a post-confirmation modified plan. The modified plan is proposed in good faith and is feasible.

CONCLUSION

The attached modified Chapter 13 Plan should be confirmed.

Dated: July 9, 2026

HOGLUND & MROZIK, PLLC
Signed: /e/ ***Robert J. Hoglund***
Robert J. Hoglund #210997
Karli K. Buchanan #505358
Attorney for Debtor(s)
550 Main Street, Ste 260
New Brighton, Minnesota 55112
Telephone No: (651) 628-9929
Email: bankruptcy@hoglundlaw.com

UNITED STATES BANKRUPTCY COURT

DISTRICT OF MINNESOTA

---

In Re: Bkry Case No: 23-32711

Anna M. Toth, Chapter 13

Debtor(s).

**UNSWORN CERTIFICATE OF SERVICE**

---

I, Sarah M. Dutton, employed by Hoglund & Mrozik, PLLC, attorneys licensed to practice law in this Court, with office address of 550 Main Street, Ste 260, New Brighton, Minnesota 55112, declare that on July 9, 2026, I served the Notice of Hearing and Motion to Modify the Chapter 13 Plan, and modified Chapter 13 Plan, to each of the entities named below by first class mail postage prepaid and to any entities who are filing users, by automatic e-mail notification pursuant to the Electronic Case Filing System:

---

**The following were served via first class mail postage prepaid:**

Anna M. Toth
15995 Fremont Ave NW
Prior Lake, MN 55372

And to all creditors/parties in interest listed on matrix (see attached)

---

I declare, under penalty of perjury, that the foregoing is true and correct.

Dated: July 9, 2026
Signed: /e/ Sarah M. Dutton
Paralegal

Label Matrix for local noticing
0864-3
Case 23-32711
District of Minnesota
St Paul
Thu Jul 9 12:41:34 CDT 2026

M&T Bank
4500 Park Glen Road
Suite 300
St. Louis Park, MN 55416-4891

Prestige Financial Services, Inc.
c/o Stewart, Zlimen & Jungers, Ltd.
2860 Patton Road
Roseville, MN 55113-1100

(p)MOHELA
CLAIMS DEPARTMENT
633 SPIRIT DRIVE
CHESTERFIELD MO 63005-1243

St Paul
200 Warren E. Burger Federal Building
and U.S. Courthouse
316 N Robert St
St Paul, MN 55101-1495

Wells Fargo Bank N.A., d/b/a Wells Fargo A
PO Box 130000
Raleigh, NC 27605-1000

(p)AFFINITY PLUS FEDERAL CREDIT UNION
ATTN BANKRUPTCY DEPARTMENT
175 W LAFAYETTE FRONTAGE ROAD
SAINT PAUL MN 55107-1420

AFFINITY PLUS FEDERAL CREDIT UNION
C/O MESSERLI & KRAMER P.A.
3033 CAMPUS DR, STE 250
PLYMOUTH, MN 55441-2685

(p)CENTERPOINT ENERGY
PO BOX 1700
HOUSTON TX 77251-1700

CREDIT ONE
PO BOX 10497
GREENVILLE SC 29603-0497

Cypress Marketing Corp
C/O Weinstein & Riley, P.S.
1415 WESTERN AVE, SUITE 700
SEATTLE, WA 98101-2051

FREEDOM CASH LENDERS
2726 MISSION RANCHERIA RD
LAKEPORT CA 95453-9612

HOUSING & URBAN DEVELOPMENT
220 - 2ND ST S
MINNEAPOLIS MN 55401

Housing & Urban Development
1400 Independence Ave SW, Rm 5014, STOP
Washington, DC 20250-0701

(p)INTERNAL REVENUE SERVICE
CENTRALIZED INSOLVENCY OPERATIONS
PO BOX 7346
PHILADELPHIA PA 19101-7346

IRS
PO BOX 7346
PHILADELPHIA PA 19101-7346

ISN Corporation
2000 N Classen Blvd Suite 3200
Oklahoma City, OK 73106-6034

LIBERTY LENDING LLC
ATTN: BANKRUPTCY
180 MAIDEN LANE, 28TH FLOOR
NEW YORK NY 10038-4946

LVNV Funding, LLC
Resurgent Capital Services
PO Box 10587
Greenville, SC 29603-0587

Lakeview Loan Servicing, LLC
c/o M&T Bank
PO Box 1288
Buffalo NY 14240-1288

(p)M&T BANK
LEGAL DOCUMENT PROCESSING
626 COMMERCE DRIVE
AMHERST NY 14228-2307

MESSERLI & KRAMER PA
3033 CAMPUS DR STE 250
PLYMOUTH MN 55441-2685

MINNESOTA DEPARTMENT OF REVENUE
BANKRUPTCY SECTION
PO BOX 64447
SAINT PAUL MN 55164-0447

(p)MISSION LANE LLC
PO BOX 105286
ATLANTA GA 30348-5286

MONEYLION, INC
ATTN: BANKRUPTCY DEPT
P.O. BOX 1547
SANDY UT 84091-1547

MoneyLion Inc.
PO Box 1547
Sandy, UT 84091-1547

NETCREDIT/RB
ATTN: BANKRUPTCY DEPT
175 W JACKSON BLVD, STE 1000
CHICAGO IL 60604-2863

NetCredit
175 W Jackson Blvd
Suite 1000
Chicago, IL 60604-2863

REACH FINANCIAL
180 MAIDEN LN SUITE 2801
NEW YORK NY 10038-4968

REGIONAL ACCEPTANCE CO
ATTN: BANKRUPTCY
1424 E FIRETOWER RD
GREENVILLE SC 27858-4105

RICK RADEN
28459 US HIGHWAY 71
REDWOOD FALLS MN 56283-2370

Regional Acceptance Corporation
PO Box 1847
Wilson, NC 27894-1847

SANTANDER CONSUMER USA
P. O. Box 560284
Dallas, TX 75356-0284

SANTANDER CONSUMER USA, INC
ATTN: BANKRUPTCY
PO BOX 961245
FORT WORTH TX 76161-0244

(p)US DEPARTMENT OF HOUSING AND URBAN DEVELOP
477 MICHIGAN AVE #1600
DETROT MI 48226-2564

UNIVERSITY OF WISCONSIN MILWAUKEE
PO BOX 500
MILWAUKEE WI 53201-0500

US Trustee
1015 US Courthouse
300 S 4th St
Minneapolis, MN 55415-3070

University of Wisconsin-Milwaukee
Accounts Receivable
MIT 295
P.O. Box 413
Milwaukee, WI 53201-0413

WELLS FARGO DEALER SERVICES
ATTN: BANKRUPTCY
1100 CORPORATE CENTER DRIVE
RALEIGH NC 27607-5066

ANNA MARIE TOTH
15995 FREMONT AVE NW
PRIOR LAKE, MN 55372-1641

Gregory A Burrell
100 South Fifth Street
Suite 480
Minneapolis, MN 55402-1250

Robert J. Hoglund
Hoglund & Mrozik, PLLC
550 Main Street, Ste 260
New Brighton, MN 55112-3273

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

US Department of Education/Mohela
633 Spirit Drive
Chesterfield, MO 63005 United States

AFFINITY PLUS FEDERAL CREDIT UNION
ATTN: BANKRUPTCY
175 WEST LAFAYETTE FRONTAGE ROAD
ST. PAUL MN 55107

CENTERPOINT ENERGY
PO BOX 4671
HOUSTON TX 77210-4671

(d)CenterPoint Energy
P.O. Box 4567
Houston, TX 77210-4567

(d)CenterPoint Energy
PO Box 1700
Houston, TX 77251-1700

IRS
30 E 7TH STREET SUITE 1222
MAIL STOP 5700
SAINT PAUL MN 55101

M & T BANK
ATTN: BANKRUPTCY
PO BOX 844
BUFFALO NY 14240

MISSION LANE LLC
ATTN: BANKRUPTCY
P.O. BOX 105286
ATLANTA GA 30348

(d)MOHELA
ATTN: BANKRUPTCY
633 SPIRIT DR
CHESTERFIELD MO 63005

U.S. Department of Housing and Urban Develop
77 West Jackson Boulevard
Chicago, IL 60604

(d)US Department of Education/MOHELA
633 Spirit Dr.
Chesterfield, MO 63005

(d)US Department of Education/MOHELA
633 Spirit Drive
Chesterfield MO 63005

End of Label Matrix

| | |
|---|---|
| Mailable recipients | 41 |
| Bypassed recipients | 0 |
| Total | 41 |